**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

JOSEPH AUGUSTINE                                CIVIL ACTION

VERSUS                                          NO. 04-3238

R. BURL CAIN, WARDEN                            SECTION "R"(5)

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge
for the purpose of conducting hearings, including an evidentiary
hearing, if necessary, and submission of proposed findings and
recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B)
and (C), and as applicable, Rule 8(b) of the Rules Governing
Section 2254 Cases.  Upon review of the entire record, the court
has determined that this matter can be disposed of without an
evidentiary hearing. See 28 U.S.C. §2254(e)(2).  Accordingly, it is
recommended that the petition be **DENIED WITH PREJUDICE.**

## I.  PROCEDURAL HISTORY

Petitioner, Joseph Augustine, is a state prisoner currently
incarcerated in the Louisiana State Penitentiary, Angola,
Louisiana.  On December 18, 1997, an Orleans Parish Grand Jury
indicted Augustine on the charges of possession of heroin with the

1

intent to distribute and distribution of heroin.[1] On February 4, 1999, Augustine was found guilty, following trial by jury, on both charges.[2]  On February 18, 1999, the trial court imposed concurrently-running life sentences upon Augustine with respect to each conviction.[3]

Augustine, along with his co-defendant, Perry Crowell, appealed his convictions.  On November 21, 2000, the Louisiana Fourth Circuit Court of Appeal affirmed Augustine's convictions and sentences.  State v. Crowell, 773 So.2d 871 (La. App. 4 Cir. 2000). On November 16, 2001, the Louisiana Supreme Court denied Augustine's writ application.  State v. Augustine, 802 So.2d 622 (La. 2001).

On or about August 22, 2002, Augustine executed an application for post conviction relief which was forwarded and ultimately filed by the Clerk on September 10, 2002.[4] When he failed to receive a ruling on his post conviction pleadings, Augustine filed an application for mandamus to the Fourth Circuit Court of Appeals dated May 21, 2003.[5] On August 27, 2003, the state appellate court

---

[1]Copies of the December 18, 1997 indictment are contained in the State rec., vol. 4 of 6.

[2]See State rec., vol. 4 of 6, docket master at p. 4.

[3]See State rec., vol. 4 of 6, docket master at p. 5.

[4]See Exhibit D annexed to Augustine's petition.

[5]See Exhibit E annexed to Augustine's petition.

denied Augustine's writ application.[6]  Augustine then sought writs from the Louisiana Supreme Court via pleadings dated September 11, 2003.[7]  On November 4, 2003, the state district court issued a Judgment denying two of Augustine's claims and directing Augustine, with respect to his remaining claims, to file a "supplement" explaining "why he failed to raise his remaining claims in proceedings prior to this application."[8]  In accordance with the court's directive, Augustine, on or about November 12, 2003, filed with the state district court a "Supplement to Application for Post-Conviction Relief".[9]  The state district court, however, deemed Augustine's supplemental memorandum to be inadequate and denied his remaining post-conviction claims pursuant to a minute entry dated December 4, 2003.[10]  On December 23, 2003, Augustine again sought remedial writs from the Fourth Circuit Court of Appeals.[11] On January 29, 2004 that writ was denied.[12]  Augustine

---

[6]See Exhibit F annexed to Augustine's petition.

[7]See Exhibit G annexed to Augustine's petition.

[8]A copy of the state district court's Judgment is attached to Augustine's federal habeas petition as exhibit "H".

[9]A copy of Augustine's supplemental memorandum is attached to his federal habeas petition as exhibit "I".

[10]A copy of the court's minute entry is attached to Augustine's federal habeas petition as exhibit "L".

[11]See Exhibit N annexed to Augustine's petition.

[12]See Exhibit O annexed to Augustine's petition.

sought further relief from the Louisiana Supreme Court via pleadings dated February 17, 2004.[13] Finally, on October 1, 2004, the Louisiana Supreme Court denied Augustine's writ application, thereby bringing his state post-conviction proceedings to an end. State ex rel. Augustine v. State, 883 So.2d 1002 (La. 2004).

In the instant federal habeas corpus action, Augustine raises the following claims: 1) The pertinent state statute, leading to his arrest and ultimate convictions, is unconstitutional and trial counsel was ineffective in failing to object to the statute; 2)The instructions provided to the jury were unconstitutional and trial counsel was ineffective for failing to object to the instructions; 3) The life sentences he received constitute "cruel and excessive punishment" and appellate counsel was ineffective in failing to raise this issue on appeal; 4) The method employed under La.C.Cr.P. art. 413(C) to choose the foreperson for the grand jury which indicted him was violative of the United States Constitution and the Louisiana Constitution and trial counsel was ineffective in failing to challenge the manner in which the grand jury foreperson was selected; 5)Insufficient evidence was presented to support his convictions; and, 6) Because the search warrant was based upon an affidavit which was insufficient to establish probable cause, the evidence discovered as a result of the search performed pursuant to the deficient warrant should have been suppressed. In its

---

[13]See Exhibit Q annexed to plaintiff's petition.

4

Response, the State concedes that the instant action is timely and does not contest the fact that Augustine, as required under Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982), has exhausted his state court remedies.  Before proceeding to the merits, the court shall review the applicable facts.[14]

Detective Dennis Bush set up a surveillance of 513 S. Rocheblave Street on June 30, 1997, after being informed of alleged narcotics trafficking at the residence.  On that date, the officer observed three narcotics transactions at the residence wherein Joseph Augustine exchanged a small object for currency.  Based upon these observations, Detective Bush believed that narcotics were being stored and sold from the residence, and obtained a search warrant.  The next day, Detective Bush again set up a surveillance of the residence.  He observed a blue Mazda truck, occupied by a white female driver and a white male passenger, stop in front of the residence.  Mr. Crowell was the male passenger.  Within a couple of minutes, Mr. Augustine came out of the residence and approached the passenger side of the vehicle where the two men engaged in a conversation.  Shortly thereafter, Mr. Augustine yelled towards the residence, and an elderly black man, later identified as Samuel Adolph, exited the residence, approached Mr.

---

[14]The facts are taken from the Louisiana Fourth Circuit Court of Appeal's opinion, State v. Crowell, 773 So.2d 871, 875-876 (La. App. 4 Cir. 2000).  The accuracy of the facts has been verified by this Court's review of the state trial transcript.

Augustine, and handed him a small blue and red matchbox.  Mr.
Augustine opened the box, sorted through it, and removed two small
silver foil objects that he handed to Mr. Crowell, who handed Mr.
Augustine currency.  The couple in the vehicle left, and Mr.
Augustine went inside the residence.  Detective Bush informed the
take down team of the transaction, instructed them to stop the
vehicle, and terminated the surveillance.  The officer then waited
for the other officers to return before executing the search
warrant.

When the officers entered the residence, Mr. Augustine was
standing near the door, Mr. Adolph was lying on the bed, and
another man, Jerald Berryhill, was standing in the kitchen/bathroom
area.  During the search, Detective Powell found the blue and red
matchbox, observed during the surveillance, in the pocket of a
shirt hanging in a closet.  The matchbox contained twelve foils of
heroin.  Messrs. Augustine and Adolph were arrested for possession
with the intent to distribute heroin and distribution of heroin.
The other man on the premises, Mr. Berryhill, was arrested for
possession of cocaine.

Detective Arthur Powell testified that he and other members of
the take down team followed the vehicle described by Detective
Bush.  They stopped the vehicle at the intersection of Tulane and
Claiborne Avenues.  Detective Powell approached the driver's side
of the vehicle while his partner, Officer Ronald White, went to the

passenger side.  The officers observed Mr. Crowell hand the two tin foil objects to the female driver, later identified as Brenda Williamson.  Ms. Williamson attempted to put the two tin foil objects in her mouth, however, Detective Powell grabbed her hand and retrieved the two tin foil packets that contained what appeared to be heroin.  Mr. Crowell and Ms. Williamson were arrested for possession of heroin and taken to the police station.

William Giblin, a criminalist with the New Orleans Police Department Crime Lab, testified that he tested the two tin foil packets taken from Mr. Crowell and the twelve tin foil packets seized from the residence at 513 S. Rocheblave Street.  All the packets tested positive for heroin.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a comprehensive overhaul of federal habeas corpus legislation, including 28 U.S.C. §2254.  Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law and mixed questions of fact and law where there has been an adjudication on the merits in state court proceedings.

State court determinations of questions of law and mixed questions of law and fact are reviewed under 28 U.S.C. §2254(d)(1) and receive deference unless they were "contrary to, or involved an unreasonable application of clearly established Federal law, as

determined by the Supreme Court of the United States."  <u>Hill v.</u>
<u>Johnson</u>, 210 F.3d 481, 485 (5th Cir. 2000).  The United States
Supreme Court has advised that:

> Under the "contrary to" clause, a federal habeas corpus
> court may grant the writ if the state court arrives at a
> conclusion opposite to that reached by this Court on a
> question of law or if the state court decides a case
> differently than this Court has on a set of materially
> indistinguishable facts.  Under the "unreasonable
> application" clause, a federal habeas court may grant the
> writ if the state court identifies the correct governing
> legal principle from this Court's decisions but
> unreasonably applies that principle to the facts of the
> prisoner's case.

<u>Williams v. Taylor</u>, 529 U.S. 1056, 120 S.Ct. 1495, 1523, 146
L.Ed.2d 389 (2000); <u>Hill</u>, 210 F.3d at 485.  Questions of fact found
by the state court are "presumed to be correct ... and we will give
deference to the state court's decision unless it `was based on an
unreasonable determination of the facts in light of the evidence
presented in the State court proceeding.'" <u>Hill</u>, 210 F.3d at 485
(quoting 28 U.S.C.§2254(d)(2)).

**III. ANALYSIS**

**A. Claims 1), 2) and 4): Unconstitutionality of
Statute/Counsel Ineffective for Failing to Object to Statute;
Unconstitutionality of Jury Instructions/Counsel Ineffective
for Failing to Object to Instructions; and, Unconstitutionality of
Method Employed to Choose Grand Jury Foreperson/Counsel Ineffective
for Failing to Object to Grand Jury**

Augustine alleges that the statute, LSA-R.S. 40:966, under
which he was charged and convicted, and the trial court's
instructions to jurors, were unconstitutional because they relieved
the State of its burden of proving that he specifically intended to

distribute heroin.  Augustine also alleges that the procedure, set forth under La.C.Cr.P. art. 413(C),[15] used to select the foreperson of the grand jury which indicted him, was unconstitutional.[16] Further, Augustine charges that his trial counsel was ineffective due to his failure to challenge the unconstitutional statute and instructions, and failure to file a motion to quash the grand jury's indictment.

The state district court, with respect to Augustine's challenges to the statute, jury instructions, and grand jury

---

[15]At both the time he was indicted and convicted, LSA-C.Cr.P. art. 413(C) provided that "[i]n the parish of Orleans, the court shall select twelve persons plus a first and second alternate for a total of fourteen persons from the grand jury venire, who shall constitute the grand jury.  The court shall thereupon select one of the jurors to serve as foreman."  La.C.Cr.P. art. 413(C)was repealed by the state legislature in 2001.

[16]In addition to claiming that Article 413(C) violated his rights under the United States Constitution, Augustine argues that the pertinent provisions were also violative of his rights under the Louisiana Constitution.  Augustine's argument in this regard is based upon the Louisiana Supreme Court's opinion in State v. DiLosa, 848 So.2d 546, 551 (La. 2003), wherein the court deemed that Article 413(C) violated Article III, Section 12(A) of the Louisiana Constitution which prohibits the legislature from passing local laws "[c]oncerning any ... criminal actions, including ... regulating the practice or jurisdiction of any court...."  However, as this court noted in the Report and Recommendation (rec. doc. # 28) issued in Varnado v. Cain, Civil Action 02-1286 c/w 03-753 and 03-754 (E.D. La. 2004), "Dilosa affords [petitioner] no solace because it is axiomatic that federal habeas relief may be granted only to remedy violations of the Constitution and laws of the United States; mere violations of state law will not suffice."  28 U.S.C. §2254(a); Engle v. Issac, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); Bailey v. Procunier, 744 F.2d 1166, 1168 (5th Cir. 1984).

composition, noted that he failed to raise these claims "by motion to quash, prior to trial, by motions during trial, or by assignment on appeal."  Thus, the court concluded that said claims were "procedurally barred pursuant to LSA-R.S. art. 930.4(B)&(C)."  Based upon this language, the State argues that Augustine has procedurally defaulted on these claims and is therefore prohibited from seeking federal habeas corpus relief.

The United States Fifth Circuit Court of Appeals has concisely set forth the standards to be used when analyzing whether a petitioner has procedurally defaulted with respect to a particular claim, thereby barring federal habeas review:

> "A claim that a state has withheld a federal right from a person in its custody may not be reviewed by a federal court if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision.  To satisfy the "independent" and "adequate" requirements, the dismissal must "clearly and expressly" indicate that it rests on state grounds which bar relief, and the bar must be strictly or regularly followed by state courts, and applied to the majority of similar claims.  This rule applies to state court judgments on both substantive and procedural grounds.  Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim are presumed to rest upon the same ground."

Bell v. Cain, 2002 WL 31002831, *4 (E.D. La. 2002) (Africk,J.) (quoting Finley v. Johnson, 243 F.3d 215, 218 (5th Cir. 2001) (citations omitted)).  "'When the state court has relied on an independent and adequate state procedural rule, federal habeas

review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice.'" Id., (quoting Hughes v. Johnson, 191 F.3d 607, 614 (5th Cir. 1999)).

The denial, pursuant to La.C.Cr.P.art. 930.4(C), of Augustine's challenges to the constitutionality of La.R.S. 40:966 and the trial court's jury instructions due to his failure to raise said claims on direct appeal, "is a state procedural rule 'independent of the merits of the federal claim.'" Id. As for adequacy, the Bell court noted:

> "The [procedural default or procedural bar] doctrine presumes that a state procedural ground is adequate ... and, ordinarily, the burden is on the habeas petitioner to demonstrate otherwise." Hughes, 191 F.3d at 614. In order to establish that a state procedural default is not "adequate," the "petitioner bears the burden of showing that the state did not strictly or regularly follow [the] procedural bar...." Stokes v. Anderson, 123 F.3d 858, 860 (5th Cir. 1997).

Bell, 2002 WL at *4. In this instance, Augustine makes no argument challenging the "adequacy" of the pertinent procedural bar.

With regard to Augustine's challenge to the grand jury, it is undisputable that under Louisiana law he was required to launch his challenge via a pre-trial motion to quash. See State v. Richthofen, 803 So.2d 171, 194 (La. App. 5 Cir. 2001); see also Deloch v. Whitley, 684 So.2d 349 (La. 1996) (defendant's failure to file a pre-trial motion to quash waives his equal protection claim arising out of the allegedly discriminatory selection of the grand

jury foreperson); <u>Williams v. Cain</u>, 125 F.3d 269, 274 (5th Cir. 1997), <u>cert</u>. <u>denied</u>, 525 U.S. 859, 119 S.Ct. 144, 142 L.Ed.2d 116 (1998) ("It is undisputable that under Louisiana law, a challenge to the legality of the grand jury venire must be made by a pretrial motion to quash", absent which the claim is procedurally barred.). Accordingly, federal habeas review of petitioner's claims is barred unless "'petitioner demonstrates either cause and prejudice or that a failure to address the claim[s] will result in a fundamental miscarriage of justice.'" <u>Id</u>. at *5 (quoting <u>Hughes</u>, 191 F.3d at 614.)

To establish a cause for his procedural default, Augustine must demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." <u>Murray v. Carrier</u>, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986).   Augustine, in his federal habeas petition, provides no justification for his failure to comply with state procedural rules.   However, in connection with his state post-conviction application, in response to the state district court's order, pursuant to La.C.Cr.P. art. 930.4(F), that he provide "reasons for his failure to raise these matters prior to trial, during trial, or on appeal,"[17] Augustine attributed his

---

[17]<u>See</u> the state district court's November 4, 2003 Judgment attached to Augustine's federal habeas corpus petition as Exhibit "H".   La.C.Cr.P. art. 930.4(F) provides, in pertinent part:

If the court considers dismissing an application for

failure to raise the instant claims earlier to his alleged ineffective assistance of both trial and appellate counsel.[18]

A petitioner may show "cause"by proving ineffective assistance of counsel in violation of the Sixth Amendment of the Constitution. Pickney v. Cain, 337 F.3d 542, 545 (5th Cir. 2003) (citing Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). However, in addition to "cause", a showing of "actual prejudice" must be made. Pickney, 337 F.3d at 545 (quoting United States v. Guerra, 94 F.3d 989, 994 (5th Cir.1996)). To show "actual prejudice", a petitioner must demonstrate "'that, but for the error, he might not have been convicted.'" Id. (quoting Guerra, 94 F.3d at 994).

Based upon the significant evidence of his guilt, the court finds that Augustine has failed to make the requisite showing of "actual prejudice". Officer Bush testified at Augustine's trial that, on June 30, 1997, he observed Augustine participate in "three narcotic transactions".[19]   The following day, Bush observed

_____

failure of the petitioner to raise the claim in the proceedings leading to conviction, [or] failure to urge the claim on appeal, ... the court shall order the petitioner to state reasons for his failure.

[18]See Augustine's "Supplement to Application for Post-Conviction Relief" attached to his federal habeas corpus petition as Exhibit "I".

[19]See State supplemental rec., vol. 2 of 2, trial transcript at p. 14, lines 7-17.

Augustine participate in yet another drug transaction. Bush specifically saw Augustine remove from a red and blue matchbook "two small silver like foil objects" which Augustine then handed to subjects in a vehicle in exchange for currency.[20]   Shortly thereafter, when the subjects in the vehicle were apprehended, Bush proceeded to the home under surveillance, 513 S. Rocheblave Street, to execute a search warrant.[21]   Pursuant to the ensuing search, the red and blue matchbook was uncovered and found to contain twelve more "foils".[22]   When called upon to do so, the Louisiana Fourth Circuit Court of Appeal had no problem in concluding that the evidence presented at trial was sufficient to support Augustine's convictions.   See Crowell, 773 So.2d at 881-882.   Accordingly, any alleged misstatement in the applicable statute and/or jury instructions, in terms of describing the requisite intent, did not prejudice Augustine.   Likewise, based upon the strong showing of guilt, even if Augustine had been successful in having his indictment quashed, the State would have undoubtedly sought and obtained a second indictment.   See Pickney, 337 F.3d at 545; Brown v. Cain, 337 F.3d 546, 550 n.5 (5th Cir. 2003), cert. denied, 540

---

[20]See State supplemental rec., vol. 2 of 2, trial transcript at p. 17, lines 17-27.

[21]See State supplemental rec., vol. 2 of 2, trial transcript at p. 19, lines 2-9.

[22]See State supplemental rec., vol. 2 of 2, trial transcript at p. 19, lines 15-21.

U.S. 1117, 124 S.Ct. 1065, 157 L.Ed.2d 911 (2004). Thus, based upon Augustine's inability to show prejudice, along with his failure to make a colorable showing of actual innocence, thereby establishing that the failure to entertain the instant claims will result in a fundamental miscarriage of justice, the court finds that his claims are procedurally barred.

With respect to his counsel's alleged ineffective assistance, Augustine has the burden of demonstrating not only that his counsel's performance was deficient, but also that he was prejudiced as a result of counsel's deficient performance. Strickland v. Washington, 466 U.S. 668, 697, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674 (1984). If a court finds that a petitioner has made an insufficient showing as to either one of the two prongs of inquiry, it may dispose of the claim without addressing the other prong. Id.

As shown above, Augustine was not prejudiced as a result of the alleged constitutional shortcomings in the pertinent statute, jury instructions and grand jury composition. Accordingly, he clearly was not prejudiced by trial counsel's alleged deficiency in failing to object to these shortcomings. Therefore, Augustine's ineffectiveness claims are without merit.

**B.  Claim 3):  Excessive Sentences and Ineffective Assistance of Appellate Counsel for Failing to Raise Issue on Appeal**

Augustine claimed, in his state application for post-conviction relief, that his life sentences were excessive and that counsel was

ineffective in failing to raise this matter on appeal.  Based upon its finding that Augustine had raised these claims in connection with his direct appeal, the state district court determined that the claims were "procedurally barred" pursuant to the provisions of La.C.Cr.P. art. 930.4(A).[23]

La.C.Cr.P. art. 930.4(A) provides:  "Unless required in the interest of justice, any claim for relief which was fully litigated in an appeal from the proceedings leading to the judgment of conviction and sentence shall not be considered."  As discussed above, a federal habeas corpus petitioner is generally considered to have procedurally defaulted a claim, thereby barring federal review, in a situation such as this where the last state court to consider a claim,[24] rather than addressing the merits, relies upon a state procedural rule to dispose of the matter.  See generally Bell v. Cain, 2002 WL 31002831, *4 (E.D. La. 2002).  However, for the following reasons, this general rule is not applicable in this particular instance.

First, as Augustine points out in his "Supplement to

---

[23]A copy of the state district court's post-conviction opinion is attached to Augustine's federal habeas corpus petition as Exhibit "H".

[24]Neither the state appellate nor the state supreme courts issued reasons supporting their adverse decisions in connection with petitioner's post-conviction application.

Application for Post-Conviction Relief",[25] as well as in his "Traverse" to the State's Response,[26] the state district court's finding that Augustine raised these claims on direct appeal is incorrect.  A review of the pertinent opinion from the Louisiana Fourth Circuit Court of Appeal reflects that it was Augustine's co-defendant, Perry Crowell, rather than Augustine, who claimed on direct appeal that his sentence was unconstitutionally excessive and his counsel was unconstitutionally ineffective.  See Crowell, 773 So.2d at 877-881.  Second, even if the state district court had properly denied the instant claims pursuant to La.C.Cr.P. art. 930.4(A), such a denial would not bar Augustine from seeking federal habeas corpus relief.  See Bennett v. Whitley, 41 F.3d 1581, 1583 (5th Cir. 1994) (Article 930.4(A) "is not a procedural bar in the traditional sense" and therefore, does not bar federal habeas corpus review.); Bell, 2002 WL at *9 n.37, citing Bennett, supra ("A claim denied pursuant to La.C.Cr.P. art. 930.4(A) is not procedurally barred in a federal habeas corpus proceeding.").  Accordingly, the court shall proceed to the merits, first addressing Augustine's claim that the life sentences he received were violative of the Eighth Amendment's prohibition against cruel and unusual punishment.

---

[25]A copy of Augustine's supplement is attached to his federal habeas petition as Exhibit "I".

[26]See Federal rec., doc. # 9.

In United States v. Gonzales, 121 F.3d 928, 942 (5th Cir. 1997), cert. denied, 522 U.S. 1063, 118 S.Ct. 726, 139 L.Ed.2d 664 (1998) and 522 U.S. 1131, 118 S.Ct. 1084, 140 L.Ed.2d 141 (1998) (citations omitted), the Fifth Circuit explained that while "[t]he Eighth Amendment prohibits sentences that are grossly disproportionate to the crime . . . [t]his constitutional principle is tempered . . . by the corollary proposition that the determination of prison sentences is a legislative prerogative that is primarily within the province of legislatures, not courts." Generally, if a state sentence is in accordance with applicable statutory provisions, a federal habeas court will not upset the terms of that sentence absent a threshold showing that the sentence is "grossly disproportionate to the offense" Smallwood v. Johnson, 73 F.3d 1343, 1347 (5th Cir.), cert. denied, 519 U.S. 883, 117 S.Ct. 212, 136 L.Ed.2d 146 (1996); see also Bonner v. Henderson, 517 F.2d 135, 136 (5th Cir. 1975).

In the instant matter, Augustine admits that his life sentences are in accordance with the applicable statutory provisions.   At the time of his conviction, LSA-R.S. 40:966(B)directed that a person "**shall be** sentenced to life imprisonment at hard labor [emphasis added]" in connection with a conviction for possession of heroin with the intent to distribute and/or for distribution of heroin.   Augustine, however, challenges the constitutionality of the mandatory life sentences imposed on

18

him under the applicable statute.  He argues that the sentencing judge should have considered mitigating factors such as his age and the non-violent nature of the offenses, rather than following, by rote, the unduly harsh sentencing provision.

An argument similar to Augustine's was presented to the United States Supreme Court in Harmelin v. Michigan 501 U.S. 957, 994, 111 S.Ct. 2680, 2701, 115 L.Ed.2d 836 (1991), wherein the petitioner argued that it was "cruel and unusual" to impose a mandatory life sentence "without any consideration of so-called mitigating factors such as, in his case, the fact that he had no prior felony convictions."  The Court, however, flatly rejected petitioner's argument, reasoning:  "Severe, mandatory penalties may be cruel, but they are not unusual in the constitutional sense, having been employed in various forms throughout our Nation's history."  Harmelin, 501 U.S. at 994-995, 111 S.Ct. at 2701.

In Mills v. Cain, 1999 WL 681385, *5 (E.D. La. 1999) (footnote omitted), the petitioner, like Augustine, sought federal habeas corpus relief based upon the argument that his mandatory "life sentence at hard labor without benefit of probation or suspension of sentence for possession of heroin with intent to distribute is cruel and unusual punishment, as prohibited by ... Article 1, Section 20, of the Louisiana Constitution of 1974 and by the Eighth Amendment to the United States Constitution."  Based upon the Supreme Court's decision in Harmelin, supra, the Mills court

19

determined:  "It is patent that the state court's [rejection] of this issue was not contrary to clearly established Supreme Court law, but in fact follows it.  Thus, plaintiff's claim of cruel and unusual punishment fails."  <u>Id</u>. at *6.

The <u>Mills</u> court, in light of petitioner's ancillary claim that his mandatory life sentence was violative of the Louisiana Constitution, also examined state law, specifically, <u>Richardson v. Louisiana Department of Public Safety and Corrections</u>, 627 So.2d 635 (La. 1993).  In <u>Richardson</u>, 627 So.2d at 637, petitioner, who was convicted of possession and distribution of heroin and who, pursuant to LSA-R.S. 40:966(B), received a mandatory life sentence, argued that her life sentence was "an excessive and disproportionate penalty in violation of the Eighth Amendment of the United States Constitution."  The Louisiana Supreme Court, however, rejected Richardson's argument, stating:  "With respect to heroin distribution or possession with intent to distribute, this Court has repeatedly held that a mandatory life term is not cruel and unusual, excessive or disproportionate, even for first offender addicts."  <u>Id</u>. (citations omitted).

In addition to arguing that the state sentencing court should have considered mitigating factors, Augustine, in challenging his mandatory life sentences, seemingly seeks to reap the benefit of a 2001 amendment to LSA-R.S. 40:966(B).  Specifically, Augustine notes that if he had "been convicted after 15 June 2001, [his]

sentencing range would have been from five (5) to fifty (50) years!"[27]

Pursuant to 2001 La. Acts No. 403, LSA-R.S. 40:966(B) was amended to provide that a conviction for distribution of heroin and/or possession of heroin with the intent to distribute is punishable by imprisonment for not less than five years nor more than fifty years with at least five years to be served without benefit of probation or suspension of sentence.  However, as the Louisiana Supreme Court pointed out in <u>State v. Sugasti</u>, 820 So.2d 518, 521 (La. 2002),"the legislature specifically provided that the provisions of Act 403 'shall only have prospective effect.'  2001 La. Acts No. 403, §6."  The court further noted:  "There is a strong presumption against retroactivity of statutes.  Louisiana law dictates that '[n]o Section of the Revised Statutes is retroactive unless it is expressly so stated.'  LSA-R.S. 1:2."  <u>Id.</u>  Thus, the fact that the state legislature reduced the penalty associated with crimes Augustine was convicted of committing over two years earlier does not warrant the granting of habeas relief and the resentencing of Augustine to a term of imprisonment in accordance with the amended version of LSA-R.S. 40:966(B).

With respect to his ineffectiveness claim, Augustine argues that appellate counsel erred in failing to raise his excessive

---

[27]<u>See</u> Federal rec., doc. #1, Augustine's "Memorandum of Law in Support of Petition for Federal Habeas Corpus" at p. 21.

sentence claim on appeal.  However, because there is no merit to Augustine's excessive sentence claim, clearly, he was not prejudiced as a result of appellate counsel's failure to raise excessiveness on appeal.[28]  Accordingly, Augustine's claim of ineffectiveness with respect to appellate counsel is without merit.

## C.  Claim 5) Insufficient Evidence

Augustine complains that the evidence submitted at trial was insufficient to prove that he possessed the heroin uncovered at the house under surveillance, 513 S. Rocheblave Street.  Specifically, Augustine points to the fact that he "did not rent 513 S. Rocheblave; he did not reside there; he had no narcotics on his person when the officers executed the search warrant; there was no evidence to suggest that the shirt hanging in Mr. Adolph's closet, in which the heroin was found, belonged to [him] and, [he] was [not] really near the drugs at the time [he was arrested]."[29] Further, Augustine points to the uncontested facts as to what transpired when co-defendant, Perry Crowell, "came along to make a buy".  Officer Bush testified that Augustine "yelled something back at the house; Mr. Adolph came out and brought the red and blue

---

[28]Strickland's two-part test is applicable with respect to a claim that appellate counsel, as well as trial counsel, was unconstitutionally ineffective.  See Busby v. Dretke, 359 F.3d 708, 714 (5th Cir.), cert. denied, 541 U.S. 1087, 124 S.Ct. 2812, 159 L.Ed.2d 249 (2004) (citations omitted) ("The familiar Strickland framework applies to a prisoner's claim that his appellate counsel was ineffective for failing to raise a certain issue on appeal.").

[29]See Federal rec., doc. # 1, Augustine's "Memorandum of Law in Support of Petition for Federal Habeas Corpus" at p. 43.

matchbox and, once [Augustine] took two (2) packets out of the box and gave them to Mr. Crowell, Mr. Adolph took the matchbox and went back inside the house with it." According to Augustine, the above evidence showed "that the heroin belonged to Mr. Adolph" rather than himself.[30]

When conducting a post-AEDPA sufficiency of the evidence review, a federal court may grant relief only if it determines that the state court decision rested on an "unreasonable application" of clearly established Federal law, as determined by the Supreme Court, to the facts of the case. See 28 U.S.C. §2254(d)(1). In its analysis of Augustine's insufficiency of evidence claim, the Louisiana Fourth Circuit Court of Appeal first set forth the applicable Supreme Court law and how it related to corresponding Louisiana law, stating:

> When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La. 1987).
> In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La.Rev.Stat. 15:438. La.Rev.Stat. 15:438 is

---

[30]See Federal rec., doc. # 1, Augustine's "Memorandum of Law in Support of Petition for Federal Habeas Corpus" at pp. 43-44.

not a separate test from <u>Jackson v. Virginia</u>, <u>supra</u>, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. <u>State v. Wright</u>, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the <u>Jackson</u> reasonable doubt standard. <u>State v. Jacobs</u>, <u>supra</u>.

<u>Crowell</u> 773 So.2d at 881.

The state appellate court then examined the statute and applicable case law describing the crime of possession with intent to distribute heroin, asserting:

> To support the conviction for possession with intent to distribute heroin, the State must prove the defendant "knowingly" and "intentionally" possessed the drug with the "intent to distribute." <u>State v. Williams</u>, 594 So.2d 476, 478 (La.App. 4 Cir.1992). It is not necessary that the State prove that the defendant had actual physical possession of the narcotics; proof of constructive possession is sufficient to support a conviction. <u>State v. Trahan</u>, 425 So.2d 1222 (La.1983); <u>State v. Dickerson</u>, 538 So.2d 1063 (La.App. 4 Cir. 1989). Neither the mere presence of the defendant in an area where drugs have been found nor the mere fact that he knows the person in actual possession is sufficient to prove constructive possession. <u>State v. Bell</u>, 566 So.2d 959 (La.1990). Nevertheless, a person found in the area of the contraband is considered in constructive possession if it is subject to his dominion and control. <u>Trahan</u>, <u>supra</u>. The elements of knowledge and intent are states of mind which need not be proved as facts, but which may be inferred from the circumstances. <u>State v. Reaux</u>, 539 So.2d 105 (La.App. 4 Cir.1989). The finder of fact may draw reasonable inferences to support these contentions based on the evidence presented. <u>Id</u>.
>
> The second element of the statute, specific intent to distribute, may be established by proving circumstances surrounding defendant's possession which give rise to a reasonable inference of intent to distribute. <u>Dickerson</u>, <u>supra</u>. The factual circumstances from which such intent can be inferred include: previous

distribution by defendant; the presence of paraphernalia for distribution; possession of an amount sufficient to create a presumption of intent to distribute; and, packaging in a form usually associated with distribution rather than personal use. State v. Hechavarria, 575 So.2d 444 (La.App. 4 Cir.1991).
Crowell, 773 So.2d at 881.

Thereafter, the state appellate court, utilizing the standard enunciated in Jackson, supra, reviewed the pertinent evidence.

> In the case at bar, Detective Bush testified that he saw Mr. Augustine engage in three narcotics transactions on June 30, 1998. The next day, the officer observed Mr. Augustine engage in a narcotics transaction with Mr. Crowell. Detective Bush testified that he saw Mr. Adolph bring Mr. Augustine a red and blue matchbox. Mr. Augustine opened the matchbox, sorted through the box, took two tin foil packets from the box and gave them to Mr. Crowell, who then handed him currency. The red and blue matchbox was found in the apartment during the search in the pocket of a shirt hanging in a closet a few feet from where Mr. Augustine was standing. No other matchbox was found in the residence. Such evidence is sufficient to sustain the conviction for possession of heroin with the intent to distribute.

Crowell, 773 So.2d at 881-882.[31]

---

[31]Augustine, in his direct appeal and in his federal habeas application, also attacks the sufficiency of evidence by setting forth several discrepancies between various pieces of documentary evidence and trial testimony. See Federal rec., doc. # 1, Augustine's "Memorandum of Law in Support of Petition for Federal Habeas Corpus" at pp. 45-47. However, as the Louisiana Fourth Circuit noted in rejecting the alleged discrepancies for the purpose of attacking the sufficiency of evidence, such matters "are questions which go to the weight of the evidence, and not the sufficiency. A determination of the weight of the evidence is a question of fact, which rests solely with the trier of fact who may reject or accept, in whole or in part, the testimony of a witness." Crowell, 773 So.2d at 882 (citations omitted).

Based upon the above, it is clear that the state court properly examined the elements necessary to prove possession with the intent to distribute heroin, and determined, examining the evidence in a light most favorable to the prosecution, that the elements had been proven.  Accordingly, the court finds that the Louisiana Fourth Circuit Court of Appeal did not unreasonably apply the applicable law enunciated by the Supreme Court in <u>Jackson</u>, <u>supra</u>.  Furthermore, the court agrees with the findings of the state court on this issue.

### D.  Claim 6) Suppression of Evidence

Augustine argues that "the search warrant affidavit was insufficient to establish probable cause" and therefore, the search warrant, used to search the residence at 513 S. Rocheblave Street, was invalid.  As such, Augustine submits that "the trial court committed error in failing to suppress the evidence seized from 513 S. Rocheblave; in violation of [his] Fourth Amendment protection."[32]

This court need not address the merits of the above argument due to the mandate enunciated in <u>Stone v. Powell</u>, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).  In <u>Stone</u>, the United States Supreme Court concluded:

> [W]here the State has provided an opportunity for full and fair litigation of a Fourth

---

[32]<u>See</u> Federal rec., doc. # 1, Augustine's "Memorandum of Law in Support of Petition for Federal Habeas Corpus" at p. 49.

> Amendment claim, the Constitution does not
> require that a state prisoner be granted
> federal habeas corpus relief on the ground
> that evidence obtained in an unconstitutional
> search or seizure was introduced at his trial.

Id. at 481-482, 96 S.Ct. at 3046 (footnote omitted).

In interpreting Stone, the Fifth Circuit has opined that an "opportunity for full and fair litigation" means just that: "an opportunity." Janecka v. Cockrell, 301 F.3d 316, 320 (5th Cir. 2002), cert. denied, 537 U.S. 1196, 123 S.Ct. 1264, 154 L.Ed.2d 1034 (2003)(citing Caver v. Alabama, 577 F.2d 1188, 1192 (5th Cir. 1978)). Even if a defendant fails to take advantage of his opportunity to litigate his motion to suppress, the fact that the opportunity was there suffices for the Stone bar to apply. Janecka, 301 F.3d at 320. Furthermore, the Fifth Circuit has held that the Stone bar applies despite an error by the state court in deciding the merits of a Fourth Amendment claim. Swicegood v. Alabama, 577 F.2d 1322, 1324-1325 (5th Cir. 1978).

In the present matter, Augustine does not contend that he was deprived of the opportunity to litigate his Fourth Amendment claim fully and fairly in the state court system. Rather, his argument addresses his dissatisfaction with the ultimate ruling which he received. Clearly, the record reflects that his counsel filed a motion to suppress and an evidentiary hearing was held on the

27

matter on May 12, 1998.[33]  On appeal, the Louisiana Fourth Circuit addressed Augustine's Fourth Amendment concerns logically and in depth, rejecting the claim and affirming his conviction.  <u>Crowell</u>, 773 So.2d at 882-884.  Lastly, the Louisiana Supreme Court addressed Augustine's arguments, albeit by rejecting them, in denying his writ.  <u>Augustine</u>, 802 So.2d 622.

In short, Augustine's Fourth Amendment claim is not properly before the court because the requirements set forth in <u>Stone</u> have been met through state court proceedings.

<u>**RECOMMENDATION**</u>

It is therefore RECOMMENDED that the petition of Joseph Augustine for habeas corpus relief be DENIED WITH PREJUDICE.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996).

---

[33]A transcript of the hearing on Augustine's motion to suppress is contained in the State rec., vol. 1 of 6.

New Orleans, Louisiana, this 27th day of _____ July _____, 2005.


_____

ALMA L. CHASEZ

United States Magistrate Judge