UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH AUGUSTINE                                CIVIL ACTION

VERSUS                                          NO: 04-3238

N. BURL CAIN, WARDEN                            SECTION: R

**ORDER AND REASONS**

Before the Court is Joseph Augustine's Motion for Relief from Judgment/Order. R. Doc. 22. Augustine is an inmate at the Louisiana State Penitentiary in Angola, Louisiana. He is serving two concurrent life sentences that were imposed by the Orleans Parish Criminal District Court on February 18, 1999, after a jury found him guilty of one count of distribution of heroin and one count of possession with intent to distribute heroin, both in violation of LA. REV. STAT. § 40:966. After exhausting his state remedies, Augustine petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2254. R. Doc. 2. This Court entered a judgment denying the petition on December 12, 2006. R. Docs. 18, 20, 21.

On April 29, 2009, Augustine filed a motion for relief from this judgment under Rule 60(b)(4) of the Federal Rules of Civil Procedure, which allows a litigant to seek relief from a final judgment that is void.[1] A Rule 60 motion that seeks relief from

---

[1] Augustine has not provided any explanation for the nearly two-and-a-half year delay between the denial of his habeas

1

a denial of habeas corpus, however, may itself effectively seek habeas relief and could thus run afoul of the statutory restrictions on "second or successive" habeas petitions. A second or successive petition is a petition for habeas corpus that an inmate files after he has already filed one or more petitions, and which "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998); *see also Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009). A district court is bound to dismiss any "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application." 28 U.S.C. § 2244(b)(1).

The Court must determine whether in filing his motion under Rule 60, Augustine effectively presents a claim that seeks habeas relief. The Supreme Court in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), examined when a motion for relief from judgment under Rule 60 must be considered a petition for habeas corpus. There,

---

petition and the filing of this motion for relief. Motions under Rule 60(b) typically must be filed within a "reasonable time." FED. R. CIV. P. 60(c)(1). Motions under Rule 60(b)(4), however, do not have a time limitation in this Circuit. *See Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 n.3 (5th Cir. 2003); *Carter v. Fenner*, 136 F.3d 1000, 1005-07 (5th Cir. 1998); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 142-43 (5th Cir. 1996).

the Court held that claims presented in Rule 60 motions that assert a new basis for relief from a state conviction are effectively habeas petitions. *Id.* at 530. A Rule 60(b) motion will also not survive the "second or successive" bar if it can

> be said to bring a 'claim' [that] attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.

*Id.* at 532 (emphasis in original). These types of claims stand in contrast to those in which a petitioner does not attack the court's resolution of a claim on the merits, but rather attacks "some defect in the integrity of the federal habeas proceedings," such as a procedural issue that prevented the habeas court from reviewing the merits of the petitioner's claim. *Id.; see also Ochoa Canales v. Quarterman*, 507 F.3d 884, 887 (5th Cir. 2007).

The crux of Augustine's argument is that the court that convicted him did so without jurisdiction, and this Court's denial of his previous habeas corpus application is also void for want of jurisdiction. This is the case, he argues, because he was indicted by a grand jury that was convened under a procedure eventually deemed unconstitutional by the Louisiana Supreme Court. *See State v. Dilosa*, 848 So. 2d 546, 551 (La. 2003) (holding that LA. CODE. CRIM. PROC. art. 413(C) violates the prohibition on "local and special laws" as described in Art. III, § 12(A) of the Louisiana Constitution of 1974). Indictments

handed down by grand juries convened under this procedure, Augustine argues, are void, and the state court that convicted him was accordingly without jurisdiction over the offenses charged.  This Court therefore had no jurisdiction to issue its judgment denying habeas relief.  He "ultimately contends that this Federal District Court erred when it dismissed [his] federal habeas corpus petition; a petition which contained relevant claims and argument that strike [sic] at the core of the state trial court jurisdiction issue." R. Doc. 22 at 3.  He argues that the Court's previous decision was in error because it "went along with the mis-leading interpretations of the State of Louisiana," *id.* at 9, and that the decision itself deprived him of his Fourteenth Amendment rights.  *Id.* at 9, 11.  In short, Augustine seeks a determination that this Court lacked jurisdiction to dismiss his habeas petition because the court that convicted him also lacked jurisdiction, and thus that his "subsequent convictions, sentences, and complaints thereto, are all nullities as a matter of law." *Id.* at 7.

    Augustine's Rule 60 motion effectively seeks habeas relief, and the Court will treat his filing as a second or successive habeas petition.  He does not challenge a mere defect in the previous habeas proceedings.  *See Gonzalez*, 545 U.S. at 532 n.4, 538.  Instead, he asks this Court to determine that the court that sentenced him did so without jurisdiction.  His motion,

therefore, is fundamentally a collateral attack upon his underlying conviction and a challenge to the Court's previous denial of habeas relief. These arguments cannot be brought by way of a Rule 60 motion. *Id.* at 532.

Accordingly, the Court cannot hear Augustine's arguments, which were brought in his initial habeas petition, R. Doc. 2 at 27-29, and his motion is DISMISSED under 28 U.S.C. § 2244(b). If Augustine wishes to bring arguments that he did not raise in his earlier petition, he must first move in the Court of Appeals for authorization to do so. *Id.* § 2244(b)(3).

New Orleans, Louisiana, this  25th  day of November, 2009

**SARAH S. VANCE**
**UNITED STATES DISTRICT JUDGE**